UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AVERY DENNISON CORPORATION<br>8080 Norton Parkway<br>Mentor, OH 44060<br><br>    Plaintiff,<br><br>v.<br><br>ALIEN TECHNOLOGY CORPORATION<br>18220 Butterfield Blvd.<br>Morgan Hill CA 95037<br><br>    Defendant. | Civil Action No. 1:08-cv-00795<br><br>JUDGE O'MALLEY<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

      For its Complaint against Alien Technology Corporation ("Alien"), Plaintiff Avery Dennison Corporation ("Avery") states as follows:

**THE PARTIES**

      1.      Plaintiff Avery Dennison Corporation is a corporation organized and existing under the laws of the State of Delaware, and having a place of business at 8080 Norton Parkway, Mentor, OH 44060.

      2.      Defendant Alien is a corporation organized and existing under the laws of the State of Delaware, having principal place of business at 18220 Butterfield Blvd., Morgan Hill,

California 95037. Upon information and belief, Alien maintains an office in Ohio and regularly does business in this judicial district through its acts of selling and offering products for sale in this district.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35, United States Code. This Court has jurisdiction under 28 U.S.C. § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTUAL BACKGROUND

5. Avery Dennison is a leading developer of pressure-sensitive labeling materials, office products, and retail tag, ticketing and branding systems including radio frequency identification ("RFID") devices.

6. RFID devices allow users to access information stored on microchips that are connected to radio frequency antennas. In use, a reader sends out a signal at "radio frequency" which the antenna acquires and, in turn, communicates to the microchip. The microchip then sends out information through the antenna in return. By this process, a reader can acquire the information stored on the microchip. While RFID technology has been used for several years in areas such as automated toll booths, only recently have the microchips become sufficiently small and inexpensive to make it commercially attractive to use RFID for supply chain management.

7. As RFID microchips began to shrink in size, several companies including Avery began to explore whether RFID microchips and RFID antennas could be incorporated into a label to speed adoption of RFID technology. When using RFID technology for labels, the RFID

microchip and RFID antenna are placed into communication on a substrate to form what is called an "inlay." The inlay is then incorporated into an RFID label. Alternatively, RFID microchips and RFID antennas may be directly incorporated into the label material itself or into packaging for a product.

8. For decades, Avery has been a leader in roll-based manufacturing of pressure sensitive solutions, including labels and label products. Avery applied its experience with roll-based manufacturing systems to develop new technologies for more cost-effective manufacturing of RFID articles such as RFID labels and RFID inlays. Among these technologies, Avery developed automatic and inexpensive methods for assembling an RFID article.

9. Avery's inventive assembly processes are protected by U.S. Patent Nos. 6,951,596 ("the '596 Patent"), 7,292,148 ("the '148 Patent"), 7,361,251 ("the '251 Patent") and 7,368,032 ("the '032 Patent"), which are directed to methods for making RFID transponders, RFID labels, RFID inlays, and the like. Copies of the '596 Patent, the '148 Patent, the '251 Patent and the '032 Patent are attached as Exhibits A, B, D and E, respectively.

10. Alien has a facility it calls the "RFID Solutions Center" in Dayton, Ohio.

11. Alien assembles RFID articles using equipment purchased from Toray International, Inc.

12. Upon information and belief, Alien assembles RFID articles using a manufacturing process that directly infringes claims of the '596 Patent.

13. Upon information and belief, Alien assembles RFID articles using a manufacturing process that directly infringes claims of the '148 Patent.

14. Upon information and belief, Alien assembles RFID articles using a manufacturing process that directly infringes claims of the '251 Patent.

15. Upon information and belief, Alien assembles RFID articles using a manufacturing process that directly infringes claims of the '032 Patent.

16. Upon information and belief, Alien sells RFID articles in this district and elsewhere that are assembled using a process that infringes one or more claims of the '596 Patent, the '148 Patent, the '251 Patent and the '032 Patent.

17. Upon information and belief, Alien has notice of and is aware of the '596 Patent.

18. Upon information and belief, Alien has notice of and is aware of the '148 Patent.

19. Upon information and belief, Alien has notice of and is aware of the '251 Patent.

20. Upon information and belief, Alien has notice of and is aware of the '032 Patent.

21. Avery has also developed novel systems and methods for reading and testing RFID articles.

22. Avery's inventive RFID article reading, communicating and testing systems are protected by U.S. Patent Nos. 7,307,527 ("the '527 Patent"), 7,359,823 ("the '823 Patent") and 7,298,266 ("the '266 Patent"). Copies of the '527 Patent, the '823 Patent and the '266 Patent are attached as Exhibits C, F and G, respectively.

23. Alien tests RFID articles that are assembled using equipment Alien purchased from Toray International, Inc.

24. Upon information and belief, equipment Alien uses to test or read RFID articles directly infringes claims of the '527 Patent.

25. Upon information and belief, Alien has notice of and is aware of the '527 Patent.

26. Upon information and belief, equipment and methods Alien uses to read and test RFID articles directly infringe claims of the '823 Patent.

27. Upon information and belief, Alien has notice of and is aware of the '823 Patent.

4

28. Upon information and belief, equipment and methods Alien uses to read or communicate with RFID articles directly infringe claims of the '266 Patent.

29. Upon information and belief, Alien has notice of and is aware of the '266 Patent.

30. Upon information and belief, Alien sells RFID articles in this district and elsewhere that are read or tested using equipment and methods that infringe one or more claims of the '527, '823 and '266 Patents.

## COUNT I: INFRINGEMENT OF THE '596 PATENT

31. Avery incorporates by reference herein the allegations of Paragraphs 1-30 of this Complaint.

32. Avery is the owner by assignment of the '596 Patent entitled RFID LABEL TECHNIQUE. The '596 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 4, 2005. The '596 Patent is in force and effect and is presumed valid under the U.S. patent laws.

33. Alien has been and still is directly infringing the '596 Patent under 35 U.S.C. § 271(a) by assembling RFID articles using a manufacturing process that directly infringes claims of the '596 Patent.

34. As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

35. Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '596 Patent.

## COUNT II: INFRINGEMENT OF THE '148 PATENT

36. Avery incorporates by reference herein the allegations of Paragraphs 1-35 of this Complaint.

37. Avery is the owner by assignment of the '148 Patent entitled METHOD OF VARIABLE POSITION STRAP MOUNTING FOR RFID TRANSPONDER.  The '148 Patent was duly and legally issued by the USPTO on November 6, 2007.  The '148 Patent is in force and effect and is presumed valid under the U.S. patent laws.

38. Alien has been and still is directly infringing the '148 Patent under 35 U.S.C. § 271(a) by assembling RFID articles using a manufacturing process that directly infringes claims of the '148 Patent.

39. As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

40. Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '148 Patent.

## COUNT III: INFRINGEMENT OF THE '527 PATENT

41. Avery incorporates by reference herein the allegations of Paragraphs 1-40 of this Complaint.

42. Avery is the owner by assignment of the '527 Patent entitled RFID DEVICE PREPARATION SYSTEM AND METHOD.  The '527 Patent was duly and legally issued by

the USPTO on December 11, 2007. The '527 Patent is in force and effect and is presumed valid under the U.S. patent laws.

43. Alien has been and still is directly infringing the '527 Patent under 35 U.S.C. § 271(a) by testing or reading RFID articles using equipment that directly infringes claims of the '527 Patent.

44. As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

45. Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '527 Patent.

## COUNT IV: INFRINGEMENT OF THE '251 PATENT

46. Avery incorporates by reference herein the allegations of Paragraphs 1-45 of this Complaint.

47. Avery is the owner by assignment of the '251 Patent entitled RFID LABEL TECHNIQUE. The '251 Patent was duly and legally issued by the USPTO on April 22, 2008. The '251 Patent is in force and effect and is presumed valid under the U.S. patent laws.

48. Alien has been and still is directly infringing the '251 Patent under 35 U.S.C. § 271(a) by assembling RFID articles using a manufacturing process that directly infringes claims of the '251 Patent.

49.     As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

50.     Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '251 Patent.

## COUNT V: INFRINGEMENT OF THE '032 PATENT

51.     Avery incorporates by reference herein the allegations of Paragraphs 1-50 of this Complaint.

52.     Avery is the owner by assignment of the '032 Patent entitled RFID LABEL TECHNIQUE.  The '032 Patent was duly and legally issued by the USPTO on May 6, 2008.  The '032 Patent is in force and effect and is presumed valid under the U.S. patent laws.

53.     Alien has been and still is directly infringing the '032 Patent under 35 U.S.C. § 271(a) by assembling RFID articles using a manufacturing process that directly infringes claims of the '032 Patent.

54.     As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

55.     Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '032 Patent.

## COUNT VI: INFRINGEMENT OF THE '823 PATENT

56. Avery incorporates by reference herein the allegations of Paragraphs 1-55 of this Complaint.

57. Avery is the owner by assignment of the '823 Patent entitled RFID DEVICE VARIABLE TEST SYSTEMS AND METHODS.  The '823 Patent was duly and legally issued by the USPTO on April 15, 2008.  The '823 Patent is in force and effect and is presumed valid under the U.S. patent laws.

58. Alien has been and still is directly infringing the '823 Patent under 35 U.S.C. § 271(a) by testing RFID articles using equipment and methods that directly infringe claims of the '823 Patent.

59. As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

60. Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '823 Patent.

## COUNT VII: INFRINGEMENT OF THE '266 PATENT

61. Avery incorporates by reference herein the allegations of Paragraphs 1-60 of this Complaint.

62. Avery is the owner by assignment of the '266 Patent entitled RFID COMMUNICATION SYSTEMS AND METHODS.  The '266 Patent was duly and legally

9

issued by the USPTO on November 20, 2007. The '266 Patent is in force and effect and is presumed valid under the U.S. patent laws.

63. Alien has been and still is directly infringing the '266 Patent under 35 U.S.C. § 271(a) by communicating with RFID articles using equipment and methods that directly infringe claims of the '266 Patent.

64. As a result of Alien's infringement, Avery has suffered monetary damages in an amount not yet determined, and will continue to suffer irreparable harm in the future unless Alien's infringing activities are enjoined by this Court.

65. Avery will be greatly and irreparably harmed unless preliminary and permanent injunctions are issued enjoining Alien and its agents, servants, employees, attorneys, representatives, and all others acting on its behalf from infringing the '266 Patent.

## **PRAYER FOR RELIEF**

Plaintiff Avery prays for the following relief:

(a) A judgment that Alien has directly infringed and continues to infringe the '596 Patent, the '148 Patent, the '527 Patent, the '251 Patent, the '032 Patent, the '823 Patent and the '266 Patent (collectively, "the Avery Patents");

(b) A judgment against Alien awarding Avery damages suffered by Avery pursuant to 35 U.S.C. § 284 on account of Alien's infringement of the Avery Patents;

(c) A preliminary injunction against Alien and any entity acting in concert with Alien, pursuant to 35 U.S.C. § 283, preventing Alien and any such entity from infringing the Avery Patents;

(d) A permanent injunction against Alien and any entity acting in concert with Alien, pursuant to 35 U.S.C. § 283, preventing Alien and any such entity from infringing the Avery Patents;

(e) A judgment that this is an exceptional case and that Avery be awarded reasonable attorney fees and expenses pursuant to 35 U.S.C. § 285; and

(f) A judgment that Alien be directed to pay Avery its costs incurred herein and such other and further relief as the Court deems just and equitable.

Date:  July 2, 2008                    Respectfully submitted,


                                       s/Todd R. Tucker
                                       Jay R. Campbell, Reg. No. 0041293
                                       Todd R. Tucker, Reg. No. 0065617
                                       Kyle B. Fleming, Reg. No. 0064644
                                       Joshua M. Ryland Reg. No. 0071758
                                       Mark C. Johnson, Reg. No. 0072625
                                       RENNER, OTTO, BOISSELLE & SKLAR, LLP
                                       1621 Euclid Avenue, 19th Floor
                                       Cleveland, Ohio 44115
                                       Telephone: (216) 621-1113
                                       Facsimile:  (216) 621-6165

                                       *Attorneys for Avery Dennison Corporation*

## **JURY DEMAND**

Plaintiff Avery respectfully requests a trial by jury as to all issues so triable.

    Respectfully submitted,


    s/ Todd R. Tucker
    Jay R. Campbell, Reg. No. 0041293
    Todd R. Tucker, Reg. No. 0065617
    Kyle B. Fleming, Reg. No. 0064644
    Joshua M. Ryland Reg. No. 0071758
    Mark C. Johnson, Reg. No. 0072625
    RENNER, OTTO, BOISSELLE & SKLAR, LLP
    1621 Euclid Avenue, 19th Floor
    Cleveland, Ohio 44115
    Telephone: (216) 621-1113
    Facsimile: (216) 621-6165

    *An Attorney for Avery Dennison Corporation*

## CERTIFICATE OF SERVICE

On July 2, 2008 a copy of the forgoing SECOND AMENDED COMPLAINT was filed electronically and served by hand on:

Michael Garvin
Shannon McCue
3300 BP Tower
200 Public Square
Cleveland OH 44114

                                                      s/ Todd R. Tucker
*An attorney for plaintiff Avery Dennison Corporation*