# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **AVERY DENNISON CORPORATION** | : | **Case No. 08 CV 795** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **ALIEN TECHNOLOGY CORPORATION** | : | **MEMORANDUM & ORDER** |
| **Defendant.** | : | |

Before the Court is Defendant Alien Technology Corporation's ("Alien") *Motion to Stay Proceedings on '596, 032, and '251 Patents Pending Reexamination* ("Motion to Stay") (Doc. 115). In its motion, Alien requests that the Court stay all proceedings relating to United States Patent Nos. 6,951,596, 7,368,032, and 7,361,251 pending the conclusion of *inter partes* reexamination of each of those patents by the United States Patent and Trademark Office ("PTO"). Plaintiff Avery Dennison Corporation ("Avery") opposes the Motion to Stay (Doc. 118, Avery's Resp. in Opp'n), which has now been fully briefed and is ripe for adjudication.[1]  For the reasons set forth below, Alien's motion is **GRANTED**.[2]

## I.    BACKGROUND

Avery filed this lawsuit on March 27, 2008.  (Doc. 1, Complaint.)   Avery alleges

---

[1]  Alien filed its Motion to Stay on April 22, 2009.  (Doc. 115.)  Avery filed its response in opposition to the Motion to Stay on May 11, 2009.  (Doc. 118.)  Alien filed its reply on June 25, 2009.  (Doc. 125, Alien's Reply.)

[2]  Also pending before the Court is Avery's *Motion for Leave to File a Sur-Reply in Opposition to Alien's Motion for a Partial Stay* (Doc. 130), which was filed on July 14, 2009. For the reasons discussed below, this motion is **GRANTED**.

infringement of seven patents relating to processes for making radio frequency identification devices ("RFID") and methods of reading, testing, and communicating RFID.[3]  A few months after the case was filed, Avery filed a motion for preliminary injunction with respect to two of the allegedly infringed patents, the '596 and '032.  (Doc. 16, Mt. for PI.)  After discovery limited to these two patents, briefing, a three-day hearing, and supplementary briefing, the Court denied Avery's preliminary injunction motion.  (Doc. 112, Order of Mar. 18, 2009.)  An important factor in the Court's analysis of the propriety of a preliminary injunction was the pending *inter partes* reexamination proceedings with respect to both the '596 and '032 patents.  (*Id*. at 12-17.)

Within the context of its briefing in support of the preliminary injunction motion, Avery moved for summary judgment of infringement with respect to the '596 and '032 patents.  (Doc. 54, Avery's PI Brief & MSJ.)  Subsequently, the Court granted Avery's stipulated motion to withdraw this motion for summary judgment before it was fully briefed or resolved.  (*See* Doc. 117, Avery's Stip. Mt. to Withdraw MSJ.)   Further, on June 19, 2009, the Court granted the parties' joint request to stay indefinitely the filing of motions for summary judgment regarding the '596 and '032 patents.  (Doc. 122, Min. Order of Jun. 19, 2009.)

In addition, the parties recently stipulated to the dismissal of all claims and counterclaims related to the patents for testing RFID.  (Doc. 123, Stip. Dismissal of Test Patent Claims.)  Specifically, Avery voluntarily dismissed counts II ('148 patent), III ('361 patent), VI ('823 patent), and VII ('266 patent) ("collectively, "Avery's Test Patent Claims") of its Second Amended Complaint (Doc. 11, 2d. Am. Compl.), and Alien voluntarily dismissed its second and third

---

[3]  See the Court's Order of March 18, 2008 (Doc. 112) for a more thorough explanation of the RFID technology at issue.  The seven patents at issue are U.S. Pat. Nos. 6,951,596; 7,292,148; 7,361,251; 7,368,032; 7,307,527; 7,359,823; and 7,298,266.

counterclaims as they relate to Avery's Test Patent Claims. (Doc. 96, Answer.) This stipulated dismissal significantly limited the number of claims remaining in the lawsuit, and focused the litigation on three patents relating to the Strap Attach system of manufacturing RFID: the '596, '032, and '251 (collectively, the "Strap Attach Patents").

## II.    LAW & ANALYSIS

### A.    THE PARTIES' ARGUMENTS

Alien's Motion to Stay is premised on the fact that all three Strap Attach Patents – the '596, '032, and '251 – are presently undergoing *inter partes* reexamination proceedings in the PTO. (*See* Docs. 115, 116, Mt. to Suppl. Mt. to Stay.)  Alien argues that all proceedings related to the Strap Attach Patents should be stayed pending the conclusion of the reexamination proceedings in the interest of efficiency and economy. In support of its argument, Alien notes that: (1) the case is at an early stage since the Court has not construed any claims, set a *Markman* hearing or trial date, or conducted <u>any</u> meaningful discovery in connection with the '251 patent; (2) a PTO decision on reexamination finding the Strap Attach Patents invalid is likely and would moot Avery's claims; and (3) Avery will not be prejudiced by a stay because it waited years before filing suit, reexamination will likely alter the nature of the claims in any case, and Alien is no longer using the allegedly infringing machine to produce RFID inlays.

Avery, for its part, counters that a stay is inappropriate because (1) discovery is virtually complete with respect to the '596 and '032 patents; and (2) a stay will result in substantial prejudice to Avery because the reexamination proceedings likely will last five to eight years, during which time Alien will be continually infringing Avery's Strap Attach Patents.[4]

---

[4] Avery also argued that a stay would not increase efficiency because proceedings would have to continue with respect to Avery's Test Patent Claims. (Doc. 118.) This argument is now

In its Motion for Leave to File a Sur-Reply, Avery augments its opposition by asserting that the entity requesting the reexamination of the '251 patent, Toray International, submitted the declaration of an inventor of the Akita patent and an expert in the reexamination proceedings, both of whom state that Akita cannot anticipate claim 1 of the '251 patent. Avery argues that this practically guarantees that the PTO will reconfirm claim 1 of the '251 patent and, therefore, the Court should, at least, deny the Motion to Stay with respect to this claim.[5]

### B.    THE LEGAL STANDARD

Whether to stay litigation in light of reexamination proceedings is a question squarely within the discretion of the Court. *See Proctor & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848-49 (Fed. Cir. 2008); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). The Court evaluates such motions on a case-by-case basis, utilizing several factors such as whether (1) discovery is complete and a trial date set; (2) a stay will simplify the issues and streamline the trial; (3) a stay will serve efficiency and economy; (4) a stay will result in undue prejudice or a clear tactical advantage. *See*, *e.g.*, *Insituform Techs., Inc. v. Liqui-Force Servs. (USA), Inc.*, Case No. 08-11916, 2009 WL 1469660, *1 (E.D. Mich. May 26, 2009) (noting a liberal policy in favor of stay pending the outcome of reexamination proceedings (omitting citation)); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007).

### C.    ANALYSIS

Applying these factors to the situation at bar, Alien's Motion to Stay is well-taken.

---

moot, however, in light of the joint stipulation dismissing those claims. (Doc. 123.)

[5] The Court finds that the information in Avery's proposed Sur-Reply is relevant to the Court's consideration of the Motion to Stay, and, therefore, **GRANTS** Avery's *Motion for Leave to File a Sur-Reply in Opposition to Alien's Motion for a Partial Stay* (Doc. 130). The arguments in the Sur-Reply are incorporated into the analysis below.

First, discovery is not complete (in fact, it has not even begun with respect to the '251 patent) and the Court has not set a trial date, construed claims, set a *Markman* hearing, or considered motions for summary judgment.

Second, the reexamination proceedings may invalidate the Strap Attach Patents – the only patents at issue after the stipulation dismissing the claims and counterclaims relating to Avery' Test Patents.   The reexamination proceedings, therefore, will likely moot or narrow some or all of Avery's claims and simplify the issues to be litigated.  This is true even in light of the declarations Toray submitted to the PTO regarding the Akita patent and reexamination of claim 1 of the '251 patent.  As Toray's reexamination request reflects (Doc. 130-5 at 7), the Akita patent is not the only potential basis for invalidating claim 1 of the '251 patent.  Toray also asserts that claim 1 of the '251 patent is anticipated by Bauer et al., U.S. Patent Application Publication 2003/0036249.  (*Id.*)  In addition, the declarations are not obviously dispositive in the reexamination proceedings.  In fact, although Avery asserts in its Sur-Reply that the inventor's declaration states that the interposer is "***at rest*** when it is attached to the antenna in Akita," (Doc. 130-2 at 4 (emphasis in original)), the declaration simply does not say this.  Furthermore, although the expert's declaration, which does state that the  interposer "goes from rest to the velocity of the antenna web," (Doc. 130-3 at 5), is some evidence that Akita does not anticipate claim 1 of the '251 patent, this does not mean that the PTO will find this fact dispositive of the question before it.

Third, because all three of the Strap Attach Patents at issue are related and are being reexamined, a stay pending the outcome of those reexamination proceedings will avoid duplication of effort and promote efficient and economical resolution of the intellectual property disputes underlying this litigation.  This close relationship between the three patents, moreover, militates

against Avery's proposal in its Sur-Reply – *i.e.*, splitting-off one claim of the '251 patent for litigation purposes while the reexamination proceeds as to the rest.  This is simply not an efficient approach.

Finally, despite Avery's contentions to the contrary, it will not suffer substantial prejudice in the event of a stay.  Avery's argument that Alien will be able to exploit its patent rights for years is undermined by the fact that Alien has ceased production of RFID inlays using the allegedly infringing machine in favor of an alternative method.  In addition, as the Court noted in its Order denying the preliminary injunction, when given the opportunity, Avery did very little to establish that it suffered meaningful harm as a result of Alien's conduct.  (Doc. 112 at 22 n.20.)

Accordingly, the balance of the factors favors staying all proceedings relating to the Strap Attach Patents pending the conclusion of the *inter partes* reexamination proceedings concerning those patents.

## CONCLUSION

For the foregoing reasons, Defendant Alien Technology Corporation's *Motion to Stay* (Doc. 115) is **GRANTED**.  Further, Avery's *Motion for Leave to File a Sur-Reply* (Doc. 130) is **GRANTED**.  All proceedings related to the '596, '032, and '251 patents are hereby stayed pending the conclusion of the *inter partes* reexamination proceedings in the PTO concerning those patents.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 20, 2009**